# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES DARIUS JONES,**

       **Petitioner,**

    **v.**                                  **Case No. 04-C-303**

**JEFFREY P. ENDICOTT,**

       **Respondent.**

## DECISION AND ORDER

James Darius Jones ("Jones") is a Wisconsin prisoner confined at the Redgranite Correctional Institution. After a jury trial in Milwaukee County Circuit Court, Jones was convicted of armed robbery and possession of a firearm by a felon, and sentenced to twenty-two years in prison. Jones filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, which is now pending before this Court..

## BACKGROUND

The procedural and factual background of this case is extensive. On October 8, 1990, an individual used a handgun to steal money and a pair of shoes from a Shorewood shoe store. On December 14, 1990, while watching a televised criminal proceeding, the owner of the shoe store recognized Jones as the man who had robbed his store. He alerted the police and subsequently identified Jones from a photo lineup.

On January 4, 1991, a police officer accompanied the store owner to the county jail, where Jones was in custody for a charge unrelated to the shoe store robbery. The officer showed the store owner articles of Jones's clothing from a jail locker, and the store owner identified Jones's shoes as the shoes stolen during the robbery.

On April 9, 1991, Jones was convicted by a jury for armed robbery and for possession of a firearm by a felon. Jones filed a *pro se* appeal, and the Wisconsin Court of Appeals affirmed the conviction. He then filed for federal habeas relief, which this Court granted. *See Jones v. Murphy*, Case No. 95-C-935 (E.D. Wis. May 13, 1997) (Curran, J.). This Court held that Jones's appellate counsel was ineffective because he failed to file an *Anders* brief.

Jones then returned to the Wisconsin state courts where his postconviction and direct appeal rights were reinstated. Jones filed a motion for postconviction relief, in which he alleged that his trial counsel was ineffective because he (1) failed to subpoena a defense alibi witness at his trial, and (2) failed to locate and interview a deputy sheriff who might have provided evidence that when Jones was arrested, he was not wearing shoes stolen in the robbery. After an evidentiary hearing (the "Evidentiary Hearing"), which included testimony of Jones's trial counsel, the Milwaukee County Circuit Court denied Jones's motion. The Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court denied review.

On January 8, 2003, Jones filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals. Jones argued that his appellate counsel was ineffective when challenging the denial of Jones's previous postconviction motion. Specifically, Jones contended that his appellate attorney should have argued that Jones's trial counsel lied at the Evidentiary Hearing. Jones also generally claimed that his appellate counsel's arguments were not sufficiently aggressive. The Wisconsin Court of Appeals denied Jones's motion and the Wisconsin Supreme Court denied review.

Jones then filed the present federal habeas petition in this Court, in which he raises four grounds for relief. First, Jones contends that his appellate counsel was ineffective because his appellate counsel did not argue that Jones's trial counsel lied during the Evidentiary Hearing. Second, Jones alleges that his appellate counsel was ineffective because he did not argue that Jones's counsel at the Evidentiary Hearing should have investigated the potentially inconsistent evidence regarding what shoes Jones possessed. Third, Jones claims that his trial counsel was constitutionally ineffective because he failed to call an alibi witness. And finally, Jones alleges that his trial counsel was ineffective because he did not call a police officer to testify that Jones was not wearing the shoes that were stolen when he arrested Jones.

**DISCUSSION**

Jones argues that the state court's denial of his claims was an unreasonable application of clearly established federal law. "In order for a federal court to find a state

3

court's application of . . . precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous . . . . The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

All of Jones's claims allege that he was denied his constitutional right to effective assistance of counsel. The question, therefore, is whether the state courts unreasonably applied the familiar standard annunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). That is to say, the question is whether Jones established both that his counsel's performance was deficient and that the deficient performance was prejudicial. *Id*. at 687. A counsel's performance is deficient when his acts or omissions were outside "the wide range of reasonable professional assistance." *Id*. at 689. The deficient performance is prejudicial when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

I.  The Credibility of Jones's Trial Counsel

Jones alleges that his appellate counsel was ineffective because he did not argue that Jones's trial counsel lied during the Evidentiary Hearing. It is Jones's contention that his trial counsel should have called his former girlfriend, Loretta Bradford, as an alibi witness. Bradford testified at the Evidentiary Hearing that she was with Jones at her parents' home on the day of the robbery.

However, Jones's trial attorney testified at the Evidentiary Hearing that he interviewed Bradford before the trial, and concluded that her alibi story was fraught with

4

inconsistencies that would hurt Jones's defense at trial. He claimed that when he first spoke with Bradford, she told him that she was with Jones at her home watching a Packer game with Jones the day of the robbery. The trial counsel said that he checked and determined that the Packers did not play on that day, and when he confronted Bradford with that fact, she said that perhaps they were just watching highlights. Because of the inconsistencies in her story, Jones's trial counsel determined that Bradford was likely lying and that her testimony would be easy to attack at trial.

Jones claims that his appellate counsel did not argue that his trial counsel was lying at the Evidentiary Hearing. Yet, the Wisconsin Court of Appeals considered the credibility of his trial counsel, and concluded that it would not substitute its judgment of credibility with that of the trial court. *State v. Jones*, No. 01-2246-CR, at 5 (Ct. App. July 16, 2002). Thus, his appellate counsel either raised the issue of credibility, or, even if he did not raise it, his failure did not prejudice Jones. The appellate court expressly found that the trial court's determination at the Evidentiary Hearing that Jones's trial attorney was credible was not clearly erroneous. Accordingly, Jones's first claim for habeas relief must be denied.

II.     The Alleged Inconsistent Evidence Regarding the Shoes

Jones also alleges that his appellate counsel was ineffective because he did not argue that his trial counsel should have investigated the potentially inconsistent evidence regarding what shoes Jones possessed. Yet, once again, his appellate counsel did, in fact,

5

raise that issue on direct appeal after the Evidentiary Hearing. The Wisconsin Court of Appeals considered the allegation of inconsistencies regarding whether Jones was wearing black shoes or the brown Wallabees that were stolen from the store. *See Jones*, No. 01-2246-CR, at 6. The court of appeals held that what shoes Jones was wearing at the time of arrest was irrelevant because it was undisputed that he had both the black shoes and the brown Wallabees in his possession when he was arrested. *See id*. Accordingly, the court of appeals determined that the trial counsel's decision not to investigate further what shoes Jones was actually wearing at the time of the arrest was reasonable since it was undisputed he possessed the Wallabees.

Jones argues in the alternative that the court of appeals's determination that Jones possessed both pairs of shoes was a "total misrepresentation of the evidence." In reviewing a state court's factual findings, this Court must presume they are correct unless they are rebutted by clear and convincing evidence. *See Barrow v. Uchtman*, 398 F.3d 597, 602-03 (7th Cir. 2005).

Jones contends that the testimony of David Banaszynski demonstrates the state court misrepresented the evidence. Officer Banaszynski testified at the Evidentiary Hearing that a deputy officer told him that Jones had black shoes, and Officer Banaszynski confirmed that by looking in Jones's locker and discovering that he indeed had black shoes.

6

This evidence does not in any way show that the state court's factual determination was inaccurate, let alone a "total misrepresentation of the evidence." While there were competing stories about whether Jones was wearing the brown Wallabees when he was arrested, or whether he was wearing the black shoes when he was arrested, it is clear from the trial record that the trial counsel knew that both pairs of shoes were inventoried when Jones was booked in the jail.

Jones's second claim for habeas relief, therefore, must be denied.

III.     Trial Counsel's Failure to Call an Alibi Witness

In his third claim for relief, Jones alleges that his trial counsel was ineffective because he failed to call his girlfriend, Loretta Bradford, to testify as an alibi witness. As discussed above, the state court concluded that Jones's trial counsel spoke to Bradford before the trial and determined that her alibi story was false. However, Bradford testified at the Evidentiary Hearing that she never spoke with the trial attorney.

The Court cannot overturn the state court's factual finding. Jones is challenging the credibility determination of the state court by merely insisting that Bradford's testimony is true. The Court can only overturn the state court's factual finding, though, if there is clear and convincing evidence that undermines that finding. *See Barrow*, 398 F.3d at 602-03. There is no such evidence here. The state court determined, after being able to witness their demeanor and hear their testimony first hand, that Jones's trial

7

counsel was credible, and discounted Bradford's testimony. There is no evidence on the record that can undermine that determination.

In fact, even if Jones's girlfriend testified at trial that she was at her parents' house with Jones during the time of the crime, that would actually contradict Jones's own testimony at trial. Jones testified at trial that he was home all day on October 8, 1990, and that he proposed to Bradford on that day. Yet, at the Evidentiary Hearing, Bradford said that they were at her parents' house for most of the day celebrating her parents' anniversary. So, even if his trial counsel called Bradford to testify, her testimony would have contradicted Jones's own testimony.

Accordingly, the Court must deny Jones's third claim for relief.

IV.     Trial Counsel's Failure to Call Officer Banaszynski

Finally, Jones alleges that his trial counsel was ineffective because he did not call Officer Banaszynski. Jones claims that Banaszynski would have corroborated Jones's contention that he only possessed the black pair of shoes when he was arrested. As discussed above, Banaszynski testified at the Evidentiary Hearing that he recalls seeing black shoes in Jones's locker.

Even if Banaszynski would have testified that he saw a pair of black shoes in Jones's locker, it would not have helped Jones's case. First of all, Banaszynski's testimony would have contradicted Jones's testimony at trial. Jones testified at trial that he did not even have a locker in the jail, a claim that would have been directly rebutted

8

by Banaszynski. Second, both pairs of shoes were inventoried when Jones was booked in the jail. The fact that Banaszynski saw black shoes in the locker is not inconsistent with the fact that Jones possessed both pairs of shoes when he was arrested. Thus, even if Jones's attorney was constitutionally deficient for not calling Banaszynski to the witness stand, it was a decision that certainly did not prejudice Jones.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Jones's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**.

The clerk is direct to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
Chief Judge